IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN A. CAMPBELL,

        Petitioner,

   v.                                    CASE NO. 18-3267-SAC

JOEL HRABE,

        Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner in the custody of the Secretary of the Kansas Department of Corrections, proceeds pro se.

**Background**

Petitioner was arrested in April 2017 in Sedgwick County, Kansas. At that time, he was subject to four other warrants, two from Sedgwick County, Kansas; one from Butler County Kansas; and a fugitive from justice warrant from Mississippi. *Campbell v. Easter*, 421 P.3d 260 (Table), 2018 WL 3198540 (Kan. Ct. App. June 29, 2018).

Petitioner's criminal history prior to that arrest is complex. In July 2001, he entered a guilty plea in the District of Kansas to bank fraud and was sentenced to a term of 41 months in the custody of the federal Bureau of Prisons. In September 2002, he entered a guilty plea in the Circuit Court of Lowndes County, Mississippi, to one count of felony false pretense. He was sentenced to one year in the custody of the Mississippi Department of Corrections and two years of post-release supervision. This sentence was to be served consecutively to any other sentence.

Petitioner completed his Kansas federal sentence on October 20,

2003. He then was taken into custody by the U.S. Marshals Service, and on September 1, 2004, he entered a guilty plea in the U.S. District Court for the Northern District of Alabama to one count of felon in possession of a firearm. He was sentenced to a term of 96 months on that conviction, which was to run consecutive to the Kansas federal sentence. *Campbell v. Kelly*, 2010 WL 419 368 (N.D. Miss. Feb. 1, 2010)(dismissing petitioner's action under 28 U.S.C. § 2254 as untimely). *See also Campbell v. State*, 963 So.2d 573 (Miss. Ct. App. 2007)(affirming summary denial of state post-conviction motion; not only was motion time-barred, but Mississippi sentence was to run consecutive to "any other sentences" and there was no violation of a plea agreement when Mississippi authorities did not take him into custody upon the expiration of his Kansas federal sentence).

In this action, petitioner asks the Court to find that the Mississippi state sentence has expired, order Mississippi authorities to explain the failure to take custody of him earlier and to clear the warrant, and order Kansas authorities to remove the hold from his record and transfer him to minimum custody.

**Procedural history**

Petitioner filed a petition for habeas corpus under K.S.A. 60-1501 in the District Court of Sedgwick County, Kansas. The district court summarily dismissed the action as premature because petitioner was then held on local pending charges arising in Sedgwick County and Butler County.

The Kansas Court of Appeals (KCOA) affirmed that dismissal, finding that petitioner's detention was lawful. The KCOA held that the Mississippi fugitive from justice warrant is a secondary hold and is of no effect until the petitioner has been "tried and discharged

or convicted and punished" on the local criminal charges. *Campbell v. Easter*, 2018 WL 3198540, *1 (citing K.S.A. 22-2719).

**Analysis**

A state prisoner proceeding under 28 U.S.C. § 2241 must allege facts showing that the execution of his state sentence violates federal law. *See* 28 U.S.C. § 2241(c)(3)(providing a remedy where petitioner "is in custody in violation of the Constitution or laws or treaties of the United States").

As stated, petitioner is incarcerated under a Kansas sentence and seeks relief from a warrant based upon a sentence imposed in Mississippi in 2002.

Generally, "[t]he priority of jurisdictions may not be questioned by the prisoner." *Williams v. Taylor*, 327 F.2d 322, 324 (10th Cir.), *cert. denied*, 377 U.S. 1002 (1964). Where, as here, a prisoner is subject to criminal sentences in multiple jurisdictions, authorities in those jurisdictions may determine the order and manner of how those sentences are discharged. *See Hall v. Looney*, 256 F.2d 59, 60 (10th Cir. 1958)(where a prisoner is lawfully in the custody of one sovereign on a criminal charge, he remains exclusively in the jurisdiction of that sovereign until its jurisdiction is exhausted, but the sovereign having prior jurisdiction may waive that right and allow another sovereign to execute its sentence against the prisoner) and *Rawls v. United States*, 166 F.2d 532, 534 (10th Cir.)(defendant lacked standing to "complain of or choose the manner in which each sovereign proceeds against him"), *cert. denied*, 334 U.S. 848 (1948). Petitioner's argument that the Mississippi sentence is now expired or otherwise invalid because Mississippi authorities have not yet taken him into custody therefore fails.

**Certificate of Appealability**

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the petitioner. This requirement extends to state prisoners proceeding under Section 2241. *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000)(requiring a state prisoner to "obtain a COA to appeal the denial of a habeas petition … filed pursuant to § 2241").

To obtain a COA, petitioner "must make a substantial showing of the denial of a constitutional right" and must show that reasonable jurists could debate whether the district court should have reached a different result. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

The Court has considered the record and declines to grant a COA. The law in this area appears to be well-settled, and petitioner remains in the custody of Kansas correctional authorities.

**Conclusion**

The Court concludes petitioner is not entitled to relief from the detainer lodged by Mississippi authorities. Petitioner is not entitled to consideration of the warrant until he completes the service of his Kansas sentence or otherwise is discharged from it.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is denied.

IT IS FURTHER ORDERED petitioner's motion to expedite (Doc. #4) is denied.

IT IS FURTHER ORDERED no certificate of appealability shall issue.

**IT IS SO ORDERED.**

DATED:  This 22nd day of February, 2019, at Topeka, Kansas.

                                          S/ Sam A. Crow
                                          SAM A. CROW
                                          U.S. Senior District Judge